[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The principal issue to be decided is whether an annuitant can, without permission of the annuitant issuer, assign the present value of his interest for reasons that are sound and a consideration that is reasonable in the face of a contractual provision prohibiting such assignments to which the issuer does not agree.
The plaintiff, Marco Rumbin, has, pursuant to Public Acts 1998, No. 98238, § 2. ("P.A. 98238"), filed a declaratory judgment seeking the courts approval of a transfer of payments from an annuity funded structured settlement to a third party. The defendant, SAFECO Insurance Company ("SAFECO"), has filed an objection to the declaratory judgment. SAFECO argues that under the terms of the structured settlement contract a transfer is prohibited, and, therefore, P.A. 98238 is inapplicable. The court disagrees; P.A. 98238 is applicable and here permits the assignment of the annuity contract to be made to a third party by the annuitant in return for lump sum consideration.
The court further finds that the plaintiff annuitant's transfer of the structured settlement payment rights is in the best interest of the plaintiff as payee and the terms are fair and reasonable to all interested parties under all the circumstances existing. The court further finds there is no substantial impairment of any contract right of either Utica Mutual or Safeco.
Public Act 98-238 became effect on October 1, 1998. It does not appear that any other court in this state has had a chance to interpret Public Act 98238.
The following factual background is relevant to the matter before the court. On November 22, 1994, the plaintiff sustained injuries in an accident. Subsequently, the plaintiff brought a claim against the individuals that were allegedly responsible for the injuries. These individuals were insured by the defendant CT Page 2725 Utica Mutual Insurance Company ("Utica").
On April 24, 1998, the plaintiff entered into a structured settlement agreement with Utica. Under the structured settlement, the plaintiff was to have received a lump sum within thirty days of the agreement being executed, plus thirty semi-annual payments beginning on March 6, 1999 and a final lump sum payment on March 6, 2014. Pursuant to the terms of the settlement agreement, Utica entered into an annuity contract with the defendant SAFECO under which SAFECO is to pay the benefits due the plaintiff.
On November 24, 1998, the plaintiff, pursuant to Public Act 98238, filed a petition for a declaratory judgment against the defendants. In the petition for declaratory judgment, the plaintiff seeks approval of the court to effect an assignment of a portion of the structured settlement payment rights to a third-party, J.G. Wentworth, in exchange for an immediate payment from Wentworth.
Paragraph (b) of P.A. 98238 states that: "No transfer of structured settlement payment rights, either directly or indirectly, shall be effective by any payee domiciled in this state or by any payee entitled to receive payments under a structured settlement funded by an insurance contract issued by an insurer domiciled in this state or owned by an insurer domiciled in this state and no structured settlement or obligor or annuity issuer shall be required to make any payment directly or indirectly to any transferee of any such transfer unless (1) not less than ten days prior to the date on which the payee entered into the transfer agreement, the transferee provided to the payee a written disclosure settlement setting forth (A) the amounts and due dates of the structured settlement payments to be transferred; (B) the aggregate amount of the payments; (C) the gross amount of all expenses; (D) the amount payable to the payee, net of all expenses, in exchange for the payments; (E) the discounted present value of all structured settlement payments to be transferred and the discount rate used in determining such discounted present value; and (F) a statement that the payee may be subject to adverse federal and state income tax consequences as a result of the proposed transfer; and (2) such transfer has been approved by a court pursuant to subsection (c) of this section." It is not disputed that the disclosure requirements found in A through F have been met. The court will next turn to analysis of the remaining statutory requirement of court approval. CT Page 2726
Subsection (c) of P.A. 98-238, in turn, states that prior to any transfer, the payee entitled to receive payments is required to seek a declaratory judgment "for a determination as to whether the transfer of such structured settlement payment rights is in the best interests of the payee and is fair and reasonable to all interested parties under all the circumstances then existing:"
The defendant argues that P.A. 98-238 is inapplicable to the present case. Specifically, the defendant argues that the structured settlement contract between the plaintiff and Utica Mutual insurance Company states that the settlement payments "may not be accelerated, deferred, increased or decreased by releasor, and releasor Marco Rumbin may not assign, pledge or sell the consideration to any third party." Moreover, the defendant points out that a similar prohibition against assignments exists in the annuity contract between Utica and SAFECO. Since it is a well settled principle that parties are free to bargain for specific items in a contract, the defendant argues that the plaintiff is prohibited by contract from making any assignment of his payments. Applying the existing contract to the situation at hand, the defendant urges the court to interpret P.A. 98-238 as applying only to those situations where the underlying structured settlement agreement allows the payee to assign his payments.[1]
The court recognizes the fact that parties are free to bargain for specific provisions in the contract. "It is the general rule that competent persons have the utmost liberty of contracting and their agreements voluntarily and fairly made shall be held valid and enforced in the courts." (Citations omitted; internal quotation marks omitted.) Konover DevelopmentCorp. v. Zeller, 228 Conn. 206, 224, 635 A.2d 798. "It is axiomatic that courts do not rewrite contracts for the parties. . . ." (Citations omitted.) Gibson v. Capano,241 Conn. 725, 732, 699 A.2d 68 (1997). Here the question is not whether the court should rewrite the contract but whether the court should give effect to the provisions of Public Act 98238.
The constitution of the United States, article one, § 10, provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts . . ." The Supreme Court has stated that "[a]lthough the language of the contract clause speaks in absolute terms, literalism in the construction of the . . . clause . . . would make it destructive of the public CT Page 2727 interest by depriving the State of its prerogative of self-protection. . . ." (Citations omitted; internal quotation marks omitted.) Serrano v. Aetna Ins. Co., 233 Conn. 437, 446,664 A.2d 279 (1996) (upholding a state statute that permitted uninsured motorists claims to be filed more than two years after the date of an accident instead of within two years of that date as the policy provided). The Serrano court suggested a balancing of the "public and private interests at stake when the state seeks to adjust existing contractual relationships." Id., 446. This inquiry has three components: "whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." Id., 448. Here, there is a contractual relationship. The court does not find that the relationship is impaired, much less find it substantially impaired.
The effect of the transfer by the annuitant of the right to receive future annuity payments is nil on Utica Mutual which settled with the plaintiff on behalf of its insured. It purchased an annuity to satisfy the settlement obligations it undertook which the annuitant accepted and that transaction is complete. The effect on the annuity issuer, who was paid by the settling party to issue it, is that no acceleration occurs in the amounts it must pay and when it must pay them; it must only pay them according to the tenor of the contractual payment provisions, but to an assignee of the annuitant. It is not prejudiced. The annuitant receives only present value, less expenses, from the purchasing party but evidently prefers that to penury and foreclosure which would be the certain result of his changed financial circumstances if deprived of use of this asset. Based on the evidence before it, the court finds no impairment of contract by virtue of the assignment. Furthermore, after reviewing the legislative history of P.A. 98-238, the court believes the intent of the legislature to be broader than that suggested by the defendant. It is apparent from the legislative history that the present scenario is just the type of situation the legislature sought to remedy. Thus, despite the settlement and annuity contract language, the provisions of the statute should prevail where the annuitant demonstrates an imminent need and the required statutory disclosures have been made and the issuer does not demonstrate any prejudice or detriment to its positions. The state has a legitimate interest in the purposes advanced by this legislation. If persons can never have immediate access to compensatory payments to them, they may otherwise become public charges. Therefore, the court will not limit P.A. CT Page 2728 98-238 only to those situations where the underlying structured settlement allows the payee to assign his payments.
The legislative history of the act shows that the final version of P.A. 98238 was greatly influenced by testimony heard by the legislature while the original version of the act was pending. As the embryonic version, House Bill 5548, ofP.A. 98-238 originally existed, transfers or assignments of the rights to payments from structured settlements were contingent upon the approval of the annuity company. See Conn. Joint Standing Committee Hearings, Judiciary Committee, 1998 Sess., p. 726, remarks of Robert Reardon, Connecticut Trial Lawyers Association; See also Conn. Joint Standing Committee Hearings, supra, p. 742, remarks of Eddie Stone, National Association of Settlement Purchasers. Since approval of a transfer or assignment by the annuity company might threaten certain tax advantages enjoyed by the annuity company,[2] the legislature was concerned that it would be highly unlikely that the annuity company would freely give any approval for the transfer of payments. Conn. Joint Standing Committee Hearings, supra, pp. 730-31, remarks of Representative Bernhard. Moreover, the legislature found that to maintain advantageous tax benefits to the party receiving the structured settlement, most structured settlements contain language prohibiting the assignment or transfer of payments by the payee. Conn. Joint Standing Committee Hearings, supra, p. 906.
The legislative hearings, however, made it evident to the legislature that the payee of a structured settlement sometimes encountered an emergency-like need to transfer payment rights to a third-party in exchange for a lump sum payment. See Conn. Joint Standing Committee Hearings, pp. 727, 785. The testimony offered by individuals who were benefitted [benefited] by being able to make a transfer of payments, as well as the testimony of advocates and litigators, made it obvious to the legislature that a vital opportunity to provide for an emergency situation would be lost if transfers were prohibited outright or based upon the approval of the annuity company. See Conn. Joint Standing Committee Hearings, supra, pp. 746, 757.
The present P.A. 98-238 is an intended compromise effort to ensure that, in certain circumstances, the payee could transfer the rights to certain payments from a structured settlement in return for a lump sum payment. The legislation provides not only that the payee seeks the courts approval, but also requires the CT Page 2729 third-party to disclose certain information to all parties involved. See H.R. Proc., 1998 Sess., pp. 5222-23, remarks of Representative Fox.
The court believes that the legislatures intent in enactingP.A. 98-238 would be undermined if that statute were interpreted as referring only to those settlement agreements that allow for the assignment or transfer payments to a third-party. The fact that most structured settlements contain language prohibiting any assignment would frustrate the legislatures intent in creating a mechanism that allows, at the very least, an opportunity for the payee to assign structured settlement payments to a third-party. Whether the structured settlement agreement includes a non assignment clause or not, the court holds that P.A. 98-238
provides for a case-by-case review to ensure that the interests of all the parties involved are addressed fairly and reasonably.
In the present case, the plaintiff seeks to transfer rights to some of the payments due under the structured settlement in exchange for a lump sum payment of $13,000. The plaintiff has stated that he needs the lump sum payment in order to keep his home from being foreclosed upon and to deal with an unanticipated loss of income. Though the sum of the payments the plaintiff is willing to transfer to Wentworth exceeds the $13,000 he will receive in exchange, it appears that, with the pending threat of foreclosure on his home, the transfer, nonetheless, is in the best interests of the plaintiff while providing some incentive to the purchaser to create a market and engage in such a transaction. The defendant, on the other hand, has not offered evidence of danger of suffering adverse tax effects as a result of the transfer nor is there other evidence of any detriment to it by virtue of the transfer.
Heraclitus observed centuries ago that the world is in a state of flux. As time marches on and the shadows lengthen, we may have to muster assets in a way not first contemplated to keep a roof overhead and a mortgagee at bay. The state has a compelling interest in securing the freedom to do so. Rationales which apply to spendthrift trusts should not apply here because the annuitant, unlike the beneficiary of a trust, has himself brought about the issuance of the annuity. There is no settlor who has created it to protect a beneficiary from dissipation.
The court, accordingly, finds that a declaratory judgment should enter on behalf of the plaintiff that the plaintiff may CT Page 2730 transfer remaining payments due under his structured settlement agreement to a third party, J.G. Wentworth, in exchange for a lump sum payment of $13,000 as provided in the complaint.
Flynn, J.